UNITED STATES DISTRICT COURT
SOUTHERNDISTRICTOFFLORIDA

CASE NO.:21-CR-20303 UNITED

STATES OF AMERICA,
Plaintiff,

vs.

ALEXEYGIL,
Defendant.
_____/

# MOTION FOR DOWNWARD DEPARTURE/VARIANCE & SENTENCING MEMORANDUM

COMES NOW the Defendant, ALEXEY GIL, by and through undersigned counsel, and respectfully files the following Sentencing Memorandum pursuant to Rule 32, Federal Rule of Criminal Procedure, and incorporated motion for variance and/or departure from the Sentencing Guidelines in advance of the sentencing hearing scheduled for May 9, 2023. This motion sets forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553 (a).

## SENTENCING UNDER BOOKER

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that *"[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"*. Id. at 756.[1]

Based on this conclusion, the Court further found those provisions of the Federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. § 3553(b)(1) or which rely upon the Guidelines' mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment holding. *Booker*, 125 S. Ct. at 756. Accordingly, the Court

severed and excised those provisions, making the Guidelines effectively advisory. Id. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a). *Booker*, 125 S. Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective

3

manner. In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

1) The nature and circumstances of the offense and the history and characteristics of the defendant § 3553(a)(1);

2) The kinds of sentences available § 3553(a)(3);

3) The need to avoid unwarranted sentence disparities among defendants;

4) The need to provide restitution to any victims of the offense. § 3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation (emphasis added).

Under 18 U.S.C. '§ 3661, no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements

4

in Part H of the sentencing guidelines, which list as not ordinarily relevant to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. § 5H1. See also *United States v. Nellum*, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); *United States v. Naylor*, F. Supp. 2d , 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses before he was 17 and noting that in *Roper v. Simmons*, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of *Booker* and § 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be inconsistent with the holdings of the merits majority in *Booker*, rejecting

5

mandatory guideline sentences based on judicial fact-finding, and the remedial majority in *Booker*, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore. *United States v. Ranum*, 353 F. Supp. 2d 984, 985- 86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives heavy weight to the guideline range comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*. *United States v. Jaber*, ___F. Supp. 2d __, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.). See also *United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence, rehearing en banc granted, 401 F.3d 1007 (9th Cir. 2005). Justice Scalia explains the point well in his dissent from *Booker's* remedial holding:

*"Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise if it thought the Guidelines not only had to be considered (as the amputated*

*statute requires) but had generally to be followed its opinion would surely say so."* Booker, 125 S. Ct. at 791 (Scalia, J., dissenting in part).

Likewise, if the remedial majority thought the guidelines had to be given heavy weight, its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other Section 3553(a) factors would violate the Sixth Amendment. In sum, in every case, a sentencing court must now consider all of the ' 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in § 3553(a), these statutory sentencing factors should generally trump the guidelines. See *United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since § 3553(a) requires sentence be no greater than necessary to meet the purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range). Following the Supreme Court's decision in *Booker*, sentencing courts should engage in a three-step approach to federal sentencing. First, the court should apply the sentencing guidelines to establish the sentencing guideline range.

Second, the court should determine whether a departure is consistent with the guidelines. Third, the Court should determine whether a variance, a sentence outside the advisory guideline system, is warranted under the authority of 18 U.S.C. § 3553(a).

## **APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THE FACTS OF THIS CASE**

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender (a) Nature and Circumstances of Offense**

   - Defendant pleaded guilty to Count 1 of the Indictment, conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349.

   - These crimes are not violent, and are not drug related.

   - The guidelines sentence is exacerbated by the loss amount.

   - The loss amount it is not proportional nor does it accurately

assess or reflect the degree of responsible criminal conduct committed by the Defendant.

- Pretrial services records indicate the defendant has complied with all Court ordered conditions of release, and site inspections have found no weapons, drugs, or contraband.

- Defendant did not impede or obstruct justice in this case, and has accepted responsibility in this case.

- Most importantly, Defendant has provided the United States with substantial assistance.

(b) **History and Characteristics of Mr. Alexey Gil**

- Mr. Gil has not engaged in any violent criminal conduct.

- This course of conduct by the Defendant was aberrant behavior.

- The Defendant has accepted responsibility in this case sparing the government and the Court the expense of prolonged litigation.

- Defendant has a three year old daughter who he supports and loves very much.



2. **The Need for the Sentence Imposed To Promote Certain Statutory Objectives: (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

- The offense that the Defendant is charged with is a very serious crime indeed. Defendant absolutely respects the law and this Court, but just punishment in this case is not the guidelines sentence. The Court would do justice by departing and finding a variance from the guideline sentence.

### (B) to afford adequate deterrence to criminal conduct

- The experience that Defendant has gone through in this case, and the experience he still has ahead of him is an indomitable deterrence to any future criminal conduct.

### (C) to protect the public from further crimes of the defendant

- Defendant is cognizant of the harm, and that his actions were wrong, but there is no evidence that the public at large needs to be protected from further crimes of the Defendant.

### (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

- Defendant would benefit from counseling and continued follow-up care.

11

WHEREFORE, the Defendant, ALEXEY GIL, respectfully requests that this Honorable Court grant him a Variance/Departure from the Sentencing Guidelines.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2023, undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
*BY: /s/Sabino Jauregui, Esq.*
Attorney for Mr.Alexey Gil
Florida Bar Number 503134
1014 West 49 Street
Hialeah, Florida 33012
Phone 305-822-2901 FAX 305-822-2902